IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| W. EDWARD CULBERTSON, O.D., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-01470-M |
| | § | |
| LUXOTTICA RETAIL NORTH | § | |
| AMERICA, INC., AND SHEILA MOORE, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Luxottica Retail North America, Inc. ("Defendant" or "Luxottica") files this its Reply to Plaintiff's Response to Motion for Summary Judgment, and respectfully requests that the Court grant summary judgment for Defendant on each of Plaintiff's claims for the reasons set forth herein.

**TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ........................................................................................................... II

TABLE OF AUTHORITIES .................................................................................................... IV

SUMMARY OF ARGUMENT ................................................................................................. 1

ARGUMENTS AND AUTHORITIES ..................................................................................... 2

    I.    Summary Judgment is Proper on the TOA Claims................................................. 2

        A.    The Section 23 waivers are enforceable and do not violate the TOA. ............ 2

            1.    Section 23 does not waive the TOA. ..................................................... 2

            2.    The DTPA waiver does not violate the TOA......................................... 3

            3.    The Section 23 waivers are not void as against public policy. .............. 4

        B.    Plaintiff is estopped from claiming the subleases violate the TOA. ................ 6

        C.    Plaintiff's mischaracterizations of the individual "incidents" are red herrings designed to divert the Court's attention away from the merits and insert questions of fact into a case when there are none. ................ 7

            1.    The waivers do not bar TOA claims. ..................................................... 7

            2.    Responding to a consumer complaint does not violate the TOA. .......... 7

            3.    Luxottica did not make appointments for Plaintiff. ............................... 8

            4.    Plaintiff grossly mischaracterizes the Superior Vision incident. ........... 8

            5.    The TOA does not prohibit Luxottica from owning the telephone line. ................ 9

        D.    Plaintiff's subjective speculation about why his lease was not renewed does not raise a fact issue. The absence of evidence is not evidence. ............................................................................................................ 9

        E.    Plaintiff's admission that there was no coercion is dispositive of his TOA claim. ..................................................................................................... 10

        F.    *Forte v. Wal-Mart* bars Plaintiff's recovery of civil penalties........................ 10

    II.    Summary Judgment is Proper on the Tortious Interference Claims..................... 10

    III.    Plaintiff's Claims for Any Violation More than 2 years Prior to the Filing of This Lawsuit are Barred by the Statute of Limitations, Contractual Limitations, and a Release. ................................................................................................................ 11

CONCLUSION ................................................................................................................... 11

CERTIFICATE OF SERVICE ............................................................................... 13

AUS-6026348-4

TABLE OF AUTHORITIES

### FEDERAL COURT CASES

*Airlink Communications, Inc. v. Owl Wireless, LLC,*
   2011 WL 4376123 (N.D. Ohio 2011) .................................................................................. 3

*Brooklyn Savings Bank v. O'Neil,*
   324 U.S. 697 (U.S. 1945) ................................................................................................ 4, 5

*Forte v. Wal-Mart Stores, Inc.,*
   2014 WL 3970792 (5th Cir. 2014) .............................................................................. 2, 5, 10

### STATE COURT CASES

*Castellow v. Swiftex Manufacturing Corp.,*
   33 S.W.3d 890 (Tex.App.–Austin, 2000) .......................................................................... 5

*Daimlerchrysler Motors Company, L.L.C v. Manuel,*
   362 S.W.3d 160 (Ft.Worth—2012, no pet) ....................................................................... 3

*Hand v. Stevens Transport, Inc. Employee Benefit Plan,*
   83 S.W.3d 286 (Tex.App.–Dallas, 2002) ......................................................................... 11

*Head v. U.S. Inspect DFW, Inc.,*
   159 S.W.3d 731 (Tex. App. ................................................................................................ 3

*Lawrence v. CDB Services, Inc.,*
   44 S.W.3d 544 (Tex.2001) ............................................................................................. 5, 6

*Stewart v. Langdon,*
   2010 WL 3377789 *3 (Tex. App—Ft. Worth 2010, rev den.) ......................................... 6, 7

*Wal-Mart Stores, Inc. v. Sturges,*
   52 S.W.3d 711 (Tex.2001) ........................................................................................... 10, 11

### STATE STATUTES

Tex. Bus. & Com. Code § 17.42(a) ......................................................................................... 3

Tex. Lab. Code § 406.033(e) .................................................................................................... 6

Tex. Occ. Code § 351.408(b) .................................................................................................... 8

Tex. Prac. & Rem. Code § 41.004(a) ....................................................................................... 5

### FEDERAL STATUTES

Fair Labor Standards Act § 16(b) ........................................................................................ 4, 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| W. EDWARD CULBERTSON, O.D., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-01470-M |
| | § | |
| LUXOTTICA RETAIL NORTH | § | |
| AMERICA, INC., AND SHEILA MOORE, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Luxottica Retail North America, Inc. ("Defendant" or "Luxottica") files this its Reply to Plaintiff's Response to Motion for Summary Judgment, and respectfully requests that the Court grant summary judgment for Defendant on each of Plaintiff's claims for the reasons set forth herein.

**SUMMARY OF ARGUMENT**

1.  Plaintiff's Response relies on outright falsehoods (Section 23 waives the TOA), mischaracterizations of facts (Luxottica instructed Plaintiff he had to see a patient "no matter what"), conclusory statements wholly lacking evidentiary support (Plaintiff was in a disparate bargaining position), misapplications of the law (waivers are unenforceable and violate the TOA) and bad policy (TOA should be interpreted to give optometrists leverage so that landlords cannot contractually limit liability).

2.     The only material fact Plaintiff disputes is the reason his lease was not renewed.[1] However, Plaintiff's subjective conjecture about the reason his lease was not renewed is insufficient to raise a genuine issue of material fact.

3.     The consequential damage waiver, alone, is dispositive of Plaintiff's claims. Plaintiff admits he has no direct damage and that he only seeks consequential damages (lost profits), but he expressly waived the right to recover them in the lease. The Fifth Circuit's holding in *Forte v. Wal-Mart* is dispositive of Plaintiff's claims for civil penalties.  To overcome this litany of problems, Plaintiff begs the court to disregard the law and the facts, to embrace unsound policy, and to let him go to trial to see if a jury shares his unfounded suspicions.  This is a summary judgment case, and Luxottica's Motion for Summary Judgment should be GRANTED.

## ARGUMENTS AND AUTHORITIES

**I.     Summary Judgment is Proper on the TOA Claims.**

   **A.     The Section 23 waivers are enforceable and do not violate the TOA.**

      **1.     Section 23 does not waive the TOA.**

1.     Plaintiff's claim that the lease "requires the optometrist to waive their [sic] right under the TOA"[2] is flat-out wrong.  Section 23 does not even mention the TOA, let alone purport to waive its application.  Nor does Section 23 control or attempt to control an optometrist's professional judgment or practice, and Plaintiff has put forth no evidence to support such an

---

[1] Response, p. 3, ¶ 9
[2] Response, pp. 2-3, ¶ 5.

assertion.³ Furthermore, the waivers are enforceable as a matter of law.⁴ As a result, the provisions do not, "in and of themselves,"⁵ violate the TOA.

### 2. The DTPA waiver does not violate the TOA.

2. The DTPA expressly provides that it can be waived.⁶ The DTPA waiver in the lease satisfies all of the statutory requirements. The only element Plaintiff attacks is whether he was in a disparate bargaining position,⁷ but he failed to provide any evidence on the issue.⁸ To fill the void, Plaintiff argues the legislature "found as a matter of fact" that all optometrists are in a disparate bargaining position.⁹ However, the mere enactment of the TOA is not a legislative "finding of fact" that all optometrists, in all circumstances, are in a disparate bargaining position. Here, plaintiff is a sophisticated professional with a successful practice and had the benefit of legal counsel when agreeing to the terms of the lease, which expressly included the DTPA waiver provision. *Head v. U.S. Inspect DFW, Inc.*, 159 S.W.3d 731, 748 (Tex. App.--Ft. Worth 2005, no pet)(holding no disparity in bargaining power where, among other things, party was

---

³ Indeed, Plaintiff never explained how the waivers allegedly controlled his professional judgment or practice.
⁴ *See, generally*, *Airlink Communications, Inc. v. Owl Wireless, LLC*, 2011 WL 4376123, 2 (N.D. Ohio 2011)⁴; *see generally*, *Daimlerchrysler Motors Company, L.L.C v. Manuel*, 362 S.W.3d 160 (Ft. Worth—2012, *no pet*) (holding waiver of consequential damages is enforceable); Tex. Bus. & Comm. Code Ann. § 17.42(a)(DTPA waiver is enforceable).
⁵ Response, p. 4.
⁶ Any waiver by a consumer of the provisions of the DTPA is valid and enforceable if:
   (1) the waiver is in writing and is signed by the consumer;
   (2) the consumer is not a significantly disparate bargaining position; and
   (3) the consumer is represented by legal counsel in seeking or acquiring the goods or services.
Tex. Bus. & Com. Code § 17.42(a).
⁷ Response, p. 7, ¶ 22.
⁸ Probably because he had a very successful practice and a lawyer review his lease before signing it.
⁹ *Id.*

represented by counsel.)[10] Thus, contrary to his assertion otherwise, Plaintiff was not in a disparate bargaining position.[11]

3. The DTPA claim also fails because it is only actionable as a tie-in to the TOA and there was no violation of the TOA.

### 3. The Section 23 waivers are not void as against public policy.

4. The policy behind the TOA is to safeguard the visual welfare of the Texas public[12], not to protect optometrists or give them "leverage" in lease negotiations. It is stunning, but not surprising, that the Plaintiff views the act as giving him "leverage."[13] It is the Plaintiff, not Luxottica, who is trying to turn a shield into a sword.

5. Furthermore, Plaintiff's reliance on *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (U.S. 1945) is simply misplaced. *Brooklyn Sav. Bank* arose out of an employer's attempt to have its employee waive liquidated damages under Section 16(b) of the Fair Labor Standards Act ("FLSA"). The Court noted that "with respect to private rights created by a federal statute, such as Section 16(b), the question of whether the statutory right may be waived depends upon the intention of Congress as manifested in the *particular statute*." *Id*. at 704-705 (emphasis added). The Court examined the FLSA finding that it was explicitly designed to "to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Id*. at n. 18. The court found that allowing an employee to waive statutory wages by agreement or the

---

[10] Notably, Plaintiff failed to even address this case which was cited by Luxottica in its initial motion.
[11] Likewise, contrary to Plaintiff's assertion, it is not "important," that Plaintiff did not draft the lease. (See Response, p. 7, ¶21). In fact, it is not even relevant. The lease is not ambiguous and this is not a dispute about contract interpretation.
[12] Response, p. 5, ¶16.
[13] Response, p. 6, ¶ 17. " …the Texas legislature did not and does not desire that the leverage it provided optometrists…"

right to liquidated damages would "nullify" the act. *Id*. at 707. Because O'Neil was a member of the class of persons the statute was intended to protect (e.g. employees), the Court held that he could not waive his rights under the FLSA. *Id*. at 712-713. In the instant case, the TOA was not enacted to protect optometrists and the waivers do not nullify the TOA. Optometrists are not uneducated, underpaid, or in a positon of unequal bargaining power when they enter into a lease.

6. Finally, the liquidated damage provision in the FLSA is not penal in nature; rather, it constitutes compensation for earned, but unpaid, wages. *Id*. at 707. The civil penalties sought by Plaintiff under the TOA, however, are penal as a matter of law. *Forte*, 2014 WL 3970792, *5. In *Forte*, the Court held that civil penalties under the TOA are not compensatory in nature; as a result, where a plaintiff has not suffered damages, an award of civil penalties under the TOA is barred. *Id*. It is not necessary, however, for this court to decide whether the waiver of statutory penalties is valid because Plaintiff has no actual, direct damage and, without actual, direct damage, the Plaintiff cannot recover civil penalties. *Forte*, 2014 WL *12.[14]

7. Moreover, Plaintiff's reliance on *Castellow v. Swiftex Mfg. Corp.* for the proposition that the waivers are ineffective is misplaced as the case has been overruled. In *Castellow*, an employee waived all common law remedies for on-the-job injuries in exchange for an insurance benefit plan. *Castellow v. Swiftex Mfg. Corp.*, 33 S.W.3d 890 (Tex.App.–Austin, 2000). The Austin Court of Appeals found the waiver was void against public policy. However, the case was abrogated by the Texas Supreme Court in *Lawrence v. CDB Servs., Inc.* which held that agreements by workers to limit employers' liability in exchange for non-subscriber benefits plans were not prohibited by law. *Lawrence v. CDB Servs., Inc.*, 44 S.W.3d 544, 551–53

---

[14] "Under Chapter 41, "exemplary damages may be awarded *only* if damages other than nominal damages are awarded. Tex. Civ. Prac. & Rem. Code 41.004(a)(emphasis added). … The TOA's civil penalties Fall within Chapter 41's definition of "exemplary damages." *Id.* at *9-10.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**     **PAGE 5**
AUS-6026348-7 6061476/1

(Tex.2001).[15] The Texas Supreme court noted, "we have long recognized a strong public policy in favor of preserving the freedom of contract." *Id*. at 553 (internal citations omitted). The Court held that although the Workers' Compensation Act was designed to protect employees, given the lack of any clear legislative intent to prohibit waiver agreements, the Court declined to declare them void on public policy grounds. *Id*. Likewise, here there is no clear legislative intent to prohibit waivers by optometrists (particularly where the waiver is not of the TOA, but only of consequential damages, and where the Plaintiff had legal advice prior to entering into the lease from the same lawyer who is prosecuting this case). The facts of this case do not present any legitimate basis to ignore the "strong public policy in favor of preserving the freedom to contract." *Id*.

### B. Plaintiff is estopped from claiming the subleases violate the TOA.

8. Plaintiff agreed at the inception of the lease that the terms contained within the lease did not violate the TOA:

> Sublessee specifically acknowledges and agrees that nothing in the agreement constitutes control or an attempt to control, directly or indirectly, an optometrist's professional judgment, manner of practice, or practice.[16]

Now, after accepting the benefits of the lease, he claims just the opposite---that the terms of the lease "in and of themselves" do violate the TOA. The law does not permit him to take a contrary position after accepting the benefits of the lease. *Stewart v. Langdon*, 2010 WL 3377789 *3 (Tex. App—Ft. Worth 2010, rev den.)(mem. op., not designated for publication). Furthermore, Plaintiff failed to even address *Stewart's* holding which expressly holds that "a party to a contract

---

[15] The ruling in *Lawrence* has now been superseded by statute. Tex. Lab. Code § 406.033(e).
[16] *Id*. at ¶ 8(b); App. 39.

will not be permitted to take a position inconsistent with its provisions to the prejudice of another."[17] Plaintiff's argument that Luxottica seeks "immunization and immunity from liability for violating the TOA"[18] completely overstates Luxottica's position and misses the point. Luxottica only claims that Plaintiff is estopped from claiming the lease terms "in and of themselves" violate the TOA.

      **C.**     **Plaintiff's mischaracterizations of the individual "incidents" are red herrings designed to divert the Court's attention away from the merits and insert questions of fact into a case when there are none.**

             **1.**     **The waivers do not bar TOA claims.**

9.     The waivers do not bar TOA claims.[19] Under the lease, if Luxottica violates the TOA, it can be sued and the doctor can recover actual, direct damages.[20] Refusing to remove the waivers was not a violation of the TOA and certainly does not constitute an attempt to "control" Plaintiff's business or professional judgment. It had no impact on his day-to-day practice or the treatment of his patients and there is no evidence to suggest otherwise.

             **2.**     **Responding to a consumer complaint does not violate the TOA.**

10.     Plaintiff disregards the undisputed fact that Tammy Mason complained *to Luxottica* about Plaintiff. Merely suggesting to the Plaintiff that he "needed to rectify the situation with the patient"[21] is not the same thing as telling him *how* to rectify the situation. By Luxottica pointing out the obvious, that Plaintiff – not Luxottica – was responsible for

---

[17] Luxottica's Motion for Summary Judgment, p. 12-13.
[18] Response, p. 8, ¶24.
[19] Response, p. 9.
[20] It is telling that Plaintiff did not sue until his lease was not renewed when the disputed provisions have been in his lease for several years.
[21] Response, p.9, ¶ 27

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**     **PAGE 7**
AUS-6026348-7 6061476/1

addressing the situation, in no way "restrict[ed] or attempt[ed] to restrict an optometrist's freedom to see a patient by appointment." Tex. Occ. Code § 351.408(b).

11. Even more important, there is no allegation of coercion associated with this incident. There is no claim, or evidence, that Luxottica suggested Plaintiff's failure to "rectify" the situation would be met with punitive action (like non-renewal).

### 3. Luxottica did not make appointments for Plaintiff.

12. Total Recall/The Appointment Book ("TAB") is a third party service, not a service provided by Luxottica. Plaintiff's "belief"[22] that if he had used TAB he would have been in violation of the TOA does not make it so. The Texas Board of Optometry 1997 letter to Cole Vison which Plaintiff attached to his response, and which he relies on for the assertion that TAB violates the TOA, is inapposite because Cole Vision made appointments for the doctors; Luxottica does not. Furthermore, Plaintiff does not allege that Luxottica demanded he use TAB or that it threatened him to use TAB. As with the other incidents there is no allegation or evidence of coercion and the TAB inquiry is not a violation of the TOA.

### 4. Plaintiff grossly mischaracterizes the Superior Vision incident.

13. The Response claims for the first time that Luxottica instructed Plaintiff's staff that they were required to see the patient "no matter what."[23] However, the argument completely mischaracterizes the evidence. Plaintiff's affidavit merely states that a Luxottica employee "waived a piece of paper in front of one of my employees and stated, 'Do you see patients with Superior Vision Coverage on Sundays?'"[24] It does not say that Luxottica instructed Plaintiff to see the patient or that Luxottica instructed Plaintiff to see the patient "no matter what." The facts

---

[22] Response, p. 10, ¶ 31.
[23] Response, p. 11, ¶ 33.
[24] Culbertson Aff. Doc. 39-1, p. 3.

are undisputed,[25] and Plaintiff's revisionist argument is not competent summary judgment evidence.

14. Further, as with the other incidents, there is no allegation or evidence of coercion.

### 5. The TOA does not prohibit Luxottica from owning the telephone line.

15. Plaintiff relies on the letter agreement for the proposition that the TOA prohibits Luxottica from owning his telephone line. However, the letter agreement is easily distinguished from the present case. In that situation, there was a door-way in the wall separating the doctor's office from the optical retailer, and employees of the optical retailer made appointments for the doctor.[26] Clearly, the retailer was providing business services and sharing employees in violation of the TOA. Here, Luxottica does not answer Plaintiff's phone for him or provide him services. The telephone lines are a utility solely used and paid for by Plaintiff. It is common for a landlord to own the telephone line and include the cost in the rent in a subletting arrangement to ensure continuity of service during tenant turnover. There are no TOA implications here.

### D. Plaintiff's subjective speculation about why his lease was not renewed does not raise a fact issue. The absence of evidence is not evidence.

16. Plaintiff's subjective belief and conjecture about why his lease was not renewed is not competent summary judgment evidence. The Plaintiff has the burden to introduce evidence from which the jury may reasonably infer that the reason his lease was not renewed was because of some conduct that would violate the TOA. Here, there is no such evidence.[27]

---

[25] Culbertson recounted the exact same facts in his deposition. Culbertson Depo. 135:4-24; App. 10.
[26] Plaintiff's Response, Ex. C.
[27] Indeed the only competent evidence introduced was of unprofessional conduct by the Plaintiff, including rude behavior towards a customer and a threat by Plaintiff to sue Luxottica when his TV quit working from a voltage surge.

    **E.    Plaintiff's admission that there was no coercion is dispositive of his TOA claim.**

17.    The fact that plaintiff admits Luxottica never coerced him, never threatened not to renew him and never sought a *quid pro quo* is fatal to his claim. The TOA protects the visual welfare of the public by prohibiting retailers from coercing doctors into action that would harm the public; for example, prescribing glasses when they are not needed. But here, Plaintiff admits there was no coercion of any kind. As a result, there is no violation of the TOA.

    **F.    *Forte v. Wal-Mart* bars Plaintiff's recovery of civil penalties.**

18.    Because Plaintiff does not have any actual damage arising from a TOA violation, he cannot recover civil penalties provided in the TOA. *Forte v. Wal-Mart Stores, Inc.* 2014 WL 3970792, *5 (5th Cir. 2014)(internal citations omitted). In *Forte*, the Plaintiffs admitted they did not suffer any actual damages. Here, Plaintiff similarly admits the "incidents" did not harm him and, therefore, did not suffer any actual damages.[28] The Court held that civil penalties under the TOA are exemplary damages, and under Texas law exemplary damages cannot be recovered in the absence of actual "non-nominal' damages. *Id.* In both cases, the lack of actual damage bars recovery of the civil penalty. Plaintiff asks this court to disregard *Forte* even though it is binding precedent.

**II.    Summary Judgment is Proper on the Tortious Interference Claims.**

19.    Even if Luxottica violated the TOA, Plaintiff's tortious interference claim fails as a matter of law, because violation of the TOA is not an independently tortious act. "Independently tortious" means conduct that would violate some other *recognized tort duty*. *Wal-*

---

[28] Culbertson Depo. 140:18-141:1; App. 20.

*Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex.2001). There is simply no authority for the proposition that an alleged violation of the TOA is also an "independent tort."

**III.     Plaintiff's Claims for Any Violation More than 2 years Prior to the Filing of This Lawsuit are Barred by the Statute of Limitations, Contractual Limitations, and a Release.**

20.     Every time Plaintiff is confronted with a contractual provision that bars his claims, he argues that it should be ignored for "public policy" reasons. There is no legitimate public policy to be served by disregarding the terms of the lease.[29] The strong public policy in favor of freedom to contract should be dispositive of all of Plaintiff's claims.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, for all these reasons, the Court should grant Luxottica's Motion for Summary Judgment, dismiss all of Plaintiff's claims with prejudice, award Luxottica its costs, and for such other and further relief to which Luxottica shows itself to be entitled.

---

[29] Contractual limitations on a statutory claim are valid as a matter of law. *See e.g.*, *Hand v. Stevens Transport, Inc. Employee Benefit Plan*, 83 S.W.3d 286, 290 (Tex.App.–Dallas, 2002) (finding that contractual limitations clause valid on claim under the Employee Retirement Income Security Act). "A provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than prescribed in the general statute of limitations, provided that the shorter period itself shall be reasonable." *Id.* (internal citations omitted). "Congress' silence on a limitation period…shows its willingness to accept reasonable limitations periods rather than a strong policy in favor of some particular limitations period." *Id*. Likewise, here, the TOA does not contain a statute of limitations, and the parties' agreement to adhere to a two year statute of limitations is valid.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT       PAGE 11**
AUS-6026348-7 6061476/1

Respectfully submitted,

By: */s/ Richard A. Illmer*
    Richard A. Illmer
    State Bar No. 10388350
    Rick.illmer@huschblackwe.com
    Chalon N. Clark
    State Bar No. 24050045
    Chalon.clark@huschblackwell.com

**HUSCH BLACKWELL L.L.P.**
2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
(214) 999-6100
(214) 999-6170 *facsimile*

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

_____    Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

_____    Hand-delivered by courier receipted delivery.

_____    Forwarded by next day receipted delivery service.

_____    Communicated by telephonic document transfer to the recipient's current telecopier number.

  X    Electronic Service via the Northern District of Texas Electronic Case Filing System (ECF).

TO:

    Mark C. Burgess
    Boyd    Burgess, LLP
    2301 Moores Lane
    P. O. Box 6297
    Texarkana, Texas  75505-6297
    *Counsel for Plaintiff*

    Hector Canales
    Canales & Simonson, PC
    2601 Morgan Avenue,
    P.O. Box 5624
    Corpus Christi, Texas  78467-5624
    *Counsel for Plaintiff*

on this 28th day of October, 2014.

                                  */s/ Richard A. Illmer*
                                  Richard A. Illmer